■ M. MAL DEITCH, Appellant, v. SOL ATLAS et al., Respondents.— In an action to recover damages and to impress a trust on real property the appeal is from an order, entered on renewal and reargument, insofar as it adhered to the original determination granting summary judgment dismissing the amended complaint. Order modified by striking therefrom everything following the words "upon such renewal and re-argument" and by substituting therefor the words "defendants' motion be and the same hereby is denied." As so modified, order, insofar as appealed from, affirmed, with $10 costs and disbursements to appellant. The documentary evidence is insufficient to show that appellant released his interest in the agreement of August 15, 1949, whereby he was given a right to twenty-five shares of the stock of Gracie Square Gardens, Inc., purchased by the individual respondent in his own name from the Reinhard group. Triable issues of fact are presented which require denial of summary judgment. Wenzel, Acting P. J., Beldock, Ughetta and Kleinfeld, JJ., concur; Murphy, J., dissents and votes to affirm the order insofar as appealed from, without modification, with the following memorandum: The order is substantiated by conclusive documentary evidence, supplemented by undisputed proof, viz.: (1) The agreement of September 14, 1949, contemplating the erection of a building on part of the vacant land owned by Gracie Square Gardens, Inc. Appellant, if he did not join therein, consented to the sale of the land by said corporation to respondent Atlas; (2) The agreement of September 15, 1949, reciting the purchase by respondent Atlas of fifty shares from the Reinhard group and providing for the purchase by Atlas of the balance of the outstanding stock, namely, the twenty-five shares held by appellant; (3) The purchase by respondent Atlas of the Reinhard shares on October 11, 1949, with the consent of appellant, who received back $5,000 which he had deposited as a potential purchaser; (4) The written admission of August 17, 1950, by appellant that he had sold his shares to respondent Atlas; (5) The acknowledgment by appellant in the letter of October 11, 1950, that he had transferred his shares to respondent Atlas with the price payable on delivery of the stock from the escrow agent; (6) The certificate signed by appellant as secretary of said corporation at the closing of the mortgage transaction on October 11, 1949, stating that he owned twenty-five shares and respondent Atlas seventy-five shares of said corporation; (7) The dissolution of said corporation

by certificate executed on December 20, 1950, by appellant as its president, with all of its assets transferred to respondent Atlas with appellant's consent and approval; (8) The authorization on April 28, 1953, by appellant to the escrow agent to turn over the twenty-five shares to respondent Atlas for the purchase price of $92,000, and (9) The action commenced by appellant on May 13, 1954, on a $42,000 note given by respondent Atlas in part payment of the $92,000 purchase price.